UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STEVEN ANTHONY WALCOTT, JR.**                **CIVIL ACTION**

**VERSUS**                                     **NO. 16-15594**

**TERREBONNE PARISH JAIL**                     **SECTION "B"(4)**
**MEDICAL DEPARTMENT, ET AL.**

<u>**ORDER AND REASONS**</u>

     Before the Court is plaintiff Steven Anthony Walcott Jr.'s ("Plaintiff") timely objections (Rec. Doc. 20) to the Magistrate Judge's Report and Recommendation ("Report," Rec. Doc. 16). Plaintiff seeks review of the Magistrate Judge's recommendation to dismiss with prejudice his claims against the Terrebonne Parish Jail Medical Department, Nurses Pat Naquin ("Nurse Pat"), Kimberly Ann Boudreaux ("Nurse Kim"), Domonique Angelle Baio ("Nurse Dominic"), and Doctor/Nurse Richard Neal pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e. (Rec. Doc. 16 at 9). In addition, plaintiff filed motions to perfect service and seeking discovery and publication of electronic surveillance for an evidentiary hearing. (Rec. Docs. 21 at 1, 22 at 1).

     For the reasons outlined below,

     **IT IS ORDERED** that the Magistrate Judge's Report (Rec. Doc. 16) is **ADOPTED**, **OVERRULING** plaintiff's objections (Rec. Doc. 20);

     **IT IS FURTHER ORDERED** that plaintiff's claims are **DISMISSED WITH PREJUDICE;**

**IT IS FURTHER ORDERED** that plaintiff's motions for discovery and perfection of service, etc. (Rec. Docs. 21, 22) are **DISMISSED AS MOOT**; and

**IT IS FURTHER ORDERED** that defendants' Motion to Dismiss (Rec. Doc. 12) is **DISMISSED AS MOOT**.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed the instant complaint seeking relief pursuant to 42 U.S.C. § 1983. (Rec. Doc. 1 at 8). The matter was referred to United States Magistrate Judge Karen Wells Roby. (Rec. Doc. 10). A *Spears* hearing was held on October 31, 2016 via telephone.[1] [Rec. Doc. 11; *see also Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).] On December 12, 2016, Judge Roby recommended dismissal of the complaint. (Rec. Doc. 16 at 9). Plaintiff timely filed objections to that recommendation. (Rec. Doc. 20 at 2).

During the *Spears* hearing, plaintiff stated he notified a nurse in the medical department of various skin and other physical ailments on July 8, 2016. (Rec. Doc. 16). The nurse ordered foot

---

[1] Rec. Doc. 16. Magistrate Judge Roby thoroughly considered plaintiff's allegations and wrote factual findings. Plaintiff did not dispute any of the facts. A *Spears* hearing allows the court to determine whether *in forma pauperis* status should be granted or dismissed under 28 U.S.C. § 1915(d). *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

powder, antifungal cream, Naproxen,[2] and Keflex[3] to treat a bacterial infection. (Rec. Doc. 16 at 4). On July 12, 2016, plaintiff suffered an allergic reaction to a medication dispensed to him the day before, resulting in whelps on his back, thighs, legs, arms, and chest. *Id*. He was informed the wrong medication was given; as a result, the nurses worked to treat those conditions instead of referring him to a doctor. *Id.* at 3. Three weeks later, Dr. Haydel Jr. prescribed antibiotics, "but it did not help and in fact made it worse." *Id*. On July 16, 2016, plaintiff returned to the medical department complaining of a boil popping and the nurses referred him to a doctor. *Id.* at 4. On July 19, 2016, he was evaluated at Chabert Medical Center, an Ochsner facility, and diagnosed with herpes. *Id*. at 5. Plaintiff was prescribed medications to treat the herpes, pain and itching caused by cuts, burns, and poison ivy. *Id*. There is no further reference in plaintiff's medical records to his skin boils or accompanying outbreaks. *Id*. "[Plaintiff] further testified that he sued the nurses because they administered the wrong medication and failed to timely refer him to a doctor." *Id. at 3.

---

[2] A nonsteroidal anti-inflammatory drug used to treat pain caused by gout and arthritis.Drugs.com, https://drugs.com/naproxen.html (last visited June 5, 2017).
[3] "Keflex is a cephalosporin antibiotic. It is used to treat infections caused by bacteria."Drugs.com, https://www.drugs.com/keflex.htm (last visited June 5, 2017).

**II.   REPORT AND OBJECTIONS**

Magistrate Judge Roby found that the complaint against the Terrebonne Parish Jail Medical Department, Nurses Pat, Kim, Dominic and Doctor/Nurse Neal was frivolous and failed to state a claim for which relief could be granted. (Rec. Doc. 16 at 9). Specifically, Plaintiff did not provide sufficient evidence to prove a constitutional violation. *Id*. at 7. Plaintiff alleged untimely medical treatment, but the medical records show continuous treatment and eventual resolution of ailments within a reasonable time period, without any indication of intentional or grossly indifferent failure to provide medical care. *Id*. at 8.

Plaintiff specifically objects that the Magistrate Judge erred in finding that the nurses' actions were not willful, wanton and reckless activities. (Rec. Doc. 20 at 5).

**III. LAW AND ANALYSIS**

Courts are authorized to dismiss *sua sponte* an *in forma pauperis* ("IFP") complaint as frivolous if "the plaintiff cannot make any rational argument in law or fact that would entitle him or her to relief" under 28 U.S.C § 1915(e)(2)(B).[4] *Neitzke v.*

---

[4] This statute provides that, in pauper cases, "the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(e)(2)((B).

*Williams*, 490 U.S. 319, 327-28 (1989) (quoting *Williams v. Faulkner*, 837 F.2d 304, 307 (7th Cir. 1988)). It is difficult to determine if a claim is frivolous when reviewing only the prisoner's complaints. *Cay v. Estelle*, 789 F.2d 318, 323 (5th Cir. 1986), *overruled on other grounds by Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993)(recognizing that the *Cay* Court established three grounds for dismissing an IFP complaint but that only two of those grounds survived under subsequent precedent).

"Under 28 U.S.C. § 1915(e)(2)(B), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted." *Rogers v. Boatwright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199, 202 (2007))[5]. "A complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers*, 709 F.3d. at 405; *see also Marcias v. Raul*, 23 F.3d 94, 97 (5th Cir. 1994). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Berry v. Brandy*, 192 F.3d 504, 507 (5th Cir. 1999).

---

[5] This statute provides that "Notwithstanding any filing fee, or any production thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" "the action is frivolous or malicious [or] fails

to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii).

Here, plaintiff believes the nurses were deliberately indifferent to serious medical needs and delayed in referring him to a doctor. (Rec. Doc. 20 at 2 and 8).

In order to prove medical care violated the Eighth Amendment, prisoners must allege that prison officials were deliberately indifferent to their serious medical needs. *Norton v. Dimazana*, 122 F.3d 286, 288 (5th Cir. 1997). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 98 (1976). *see also Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (a minor delay in treatment was not deliberate indifference); *Shapely v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("Mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Mere failure to correctly diagnose a prisoner is not enough to meet the high standard of deliberate indifference. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 753 (5th Cir. 2001). "Further, disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton*,

122 F.3d at 292. The prisoner must prove the medical professionals intentionally failed to treat him or "ignored his complaints." *Id*.

In this case, there is insufficient evidence to show an Eighth Amendment violation. The medical records show the nurses were not deliberately indifferent to plaintiff's medical needs. He was first treated with foot powder and antifungal cream. When it was discovered that he suffered an allergic reaction to a treatment, the nurses promptly adjusted his medication. As soon as the nurses discovered that the medication was not working, they timely referred him to a physician. The nurses adequately and professionally responded to plaintiff's medical issues.

Plaintiff's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical need." *Norton,* 122 F.3d at 292. Further, "the mere delay alone in receiving medical treatment is usually not sufficient to state a claim under § 1983." *Mendoza*, 989 F.2d at 1056. Here, plaintiff saw a physician within three days after the nurses realized that the treatment was not working and this short delay without more does not amount to deliberate indifference. *Fear v. Diboll Corr. Ctr.*, 582 F. Supp. 2d. 841, 846 (E.D. Tex. 2008) (it took a year for the prisoner to receive the correct diagnosis and treatment; the doctor was not deliberately indifferent just because the original treatment was not successful); *see also Stewart v. Murphy*,

174 F.3d 530, 532 (5th Cir. 1999) (the doctors took four months to consult and agree on a course of treatment. The doctors' action was, at most, negligence, not deliberate indifference); *Boutte v. Bowers,* No. 01-1084 2001 WL 1041761, at *3 (N.D. Tex. July 19, 2001) (the prisoner received consistent treatment for 11 months; the original treatment did not work and there was a delay in changing the prisoner's blood pressure medication, but that did not amount to a constitutional violation); *but see Austin v. Johnson*, 328 F.3d 204, 210 (5th Cir. 2003) (waiting two hours to call an ambulance after prisoner was rendered unconscious by dehydration is deliberate indifference) (emphasis added).

The records show it took a little over a month to figure out plaintiff had herpes. He received timely medical attention before and after that diagnosis. Therefore, this court agrees with the Magistrate Judge's finding "that the deliberate indifference claim arising out of the medical care [plaintiff] received [from] the nurses and the on-staff doctor nurse is frivolous or fails to state a claim for which relief may be granted, pursuant to §§ 1915 (e)(2)(B)(I) and 1915(b)(1)." (Rec. Doc. 16 at 8). 42 U.S.C. § 1983 is not the proper vehicle to bring negligence based actions.

Further, plaintiff's claim against the Terrebonne Parish Jail's Medical Department cannot stand because a jail's medical department is not a "legal entity capable of being sued under §

1983*." Smith v. St. Tammany Par. Sheriff's Office*, No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); *Dale v. Bridges*, No. 76-9023, 1997 WL 810033, at *1 (N.D. Tex. Dec. 22, 1997) (St. Tammany Parish Jail dismissed from case because it is not an entity that is capable of being a party in a lawsuit); *Brewin v. St. Tammany Par. Corr. Ctr.*, No. 08-0639 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) (§ 1983 action against the prison medical department dismissed because the department is not an independent entity capable of being a party to a lawsuit); *Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) ("A parish jail is not [a suable] entity, but a building"); *Jiles v. Orleans Par. Prison Med. Clinic*, No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. 2010) ("[a] jail's medical department simply is not a juridical entity capable of being sued").

## IV. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that the Report (Rec. Doc. 16) is **ADOPTED**, **OVERRULING** plaintiff's objections (Rec. Doc. 20);

**IT IS FURTHER ORDERED** that plaintiff's claims are **DISMISSED WITH PREJUDICE;**

**IT IS FURTHER ORDERED** that plaintiff's motions for discovery and perfection of service, etc. (Rec. Doc. 22) are **DISMISSED AS**

**MOOT.** The nurses appeared, retained counsel, and filed a motion to dismiss, and the surveillance tapes of the nurse's station during the month of July would not change the outcome of the case. The medical records and *Spears* hearing adequately established the relevant facts; **and**

**IT IS FURTHER ORDERED** that defendants' Motion to Dismiss (Rec. Doc. 12) is **DISMISSED AS MOOT.**

New Orleans, Louisiana, this 14th day of July, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE